UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Wells Fargo Bank, N.A.,

        Plaintiff

  v.

Anna Gervais, et al.,

        Defendants

Case No. 2:22-cv-01783-CDS-VCF

**Order Granting Plaintiff's Motion for Interpleader & Closing Case**

[ECF No. 15]

      Plaintiff Wells Fargo brings this interpleader action against defendants Anna Gervais and Ruby Pham based on the allegedly fraudulent transfer of funds from Pham's bank account (with JPMorgan Chase) to Gervais's bank account (with Wells Fargo). Compl., ECF No. 1 at ¶¶ 10–15. Pham asserts that she was "duped into transferring the [funds] into Gervais's Wells Fargo bank account and was thereafter alerted . . . that the account was associated with fraud and that the transaction was a scam." ECF No. 16 at 1. Now, Wells Fargo essentially seeks a court order permitting it to transfer the funds back to Pham's account. *Id.* at ¶ 26; Interpleader Mot., ECF No. 15. Despite being served with the complaint, Gervais has not responded to this suit. Wells Fargo thus obtained a clerk's entry of default against Gervais on January 18, 2023. ECF No. 11. Following a hearing before Magistrate Judge Cam Ferenbach, Wells Fargo and Pham agreed that the most efficient way to handle disbursement of funds was to file a motion for interpleader. ECF No. 14. It did so, and as of the date of this order, Gervais again failed to respond.

"The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Because Gervais failed to respond to Wells Fargo's motion, and Wells Fargo does not move for summary judgment, I construe Gervais's silence as a consent to the granting of the motion.

However, Wells Fargo also requests attorneys' fees. ECF No. 15 at ¶ 15. It requests delivery of the restrained proceeds directly to Pham "minus Wells Fargo's reasonable attorneys' fees and recoverable litigation costs in the amount of $6,719." *Id.* Pham joined in the motion, agreeing that Wells Fargo is entitled to attorneys' fees for their work in this matter. ECF No. 16 at 2. Despite Gervais's non-opposition to the motion, I must nonetheless analyze the propriety of attorneys' fees. LR 7-2(d).

Federal law provides the basis for actions in interpleader. 28 U.S.C. § 1335. In such actions, the "district court shall hear and determine the case, [] may discharge the plaintiff from further liability . . . and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. The Ninth Circuit has construed this language as permitting "the former equity practice of allowing attorney fees to interpleading plaintiffs in strict actions of interpleader." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962). The proper rule "is that the plaintiff **should be** awarded attorney fees for the services of his attorneys in interpleading." *Id.* at 194 (emphasis added). When there is a contest between the plaintiff and the interpleaded parties, the court may not award such fees. *Id.* However, there is no contest here: Gervais has not responded to the motion and Pham joins in the motion. As a result, I find attorneys' fees and litigation costs should be awarded to Wells Fargo. Wells Fargo lists $6,719.00 as its fees and costs; after careful consideration of both the relevant law and the declaration attached in support of its motion, I agree that amount is appropriate.

     For the foregoing reasons, IT IS THEREFORE ORDERED that plaintiff Wells Fargo's motion for interpleader disbursement of funds **[ECF No. 15] is GRANTED**. Wells Fargo is ordered to return the Restrained Funds, minus the agreed-upon attorneys' fees and litigation costs of $6,719.00, directly to Pham.

     The Clerk of Court is kindly instructed to close this case.

IT IS SO ORDERED.

DATED: June 16, 2023

_____
Cristina D. Silva
United States District Judge